UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23879-CIV-ALTONAGA/O'SULLIVAN

FEDERAL TRADE COMMISSION

Plaintiff,

v.

CENTRO NATURAL CORP. et al.,

Defendants, and

BIONORE INC., et al.,

Relief Defendants.

_________________________________________/

**RELIEF DEFENDANT ALLIANZA INMOBILIARIA INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Relief Defendant Allianza Inmobiliaria Inc. ("Allianza"), through undersigned counsel, moves this Court to dismiss the Amended Complaint pursuant to Rule 12(b)(6). In further support, Allianza states as follows:

**INTRODUCTION**

The Federal Trade Commission ("FTC") filed this action on October 20, 2014, raising numerous allegations against individual and relief defendants. On October 27, 2014, the FTC filed its First Amended Complaint making sweeping allegations against two corporate entities and five individuals (collectively referred to as the "Liability Defendants") and four Relief Defendants, which include Bionore, Inc. ("Bionore"), Jager International, Inc. ("Jager"), Jorge Sumbre ("Jorge"), and Allianza (collectively referred to as the "Relief Defendants").

The FTC's Amended Complaint is brought under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"). The FTC alleges that the Liability Defendants have engaged in a "nationwide telemarketing scheme that preys on Spanish-speaking

consumers." (Am. Compl. ¶ 2.) Furthermore, the FTC claims that the "Defendants use[d] deceptive and abusive tactics to pressure consumers to "settle" debts that consumers do not actually owe and pay for goods consumers do not seek or want." (Am. Compl. ¶ 2.) In addition, the FTC asserts a claim for unjust enrichment (Count VIII) against the Relief Defendants. As a result, the FTC seeks to enjoin the Liability Defendants' and Relief Defendants' assets.

The FTC's Amended Complaint is fundamentally flawed and should be dismissed on the grounds raised in this motion. Despite the gravity of the claims and remedies sought against the Liability Defendants, the FTC's Amended Complaint impermissibly and unfairly asserts allegations of wrong doing against all the Defendants as a group, without any distinction between them. It is therefore impossible to determine from the non-specific allegations of the Amended Complaint precisely what misconduct is ascribed to any one particular Liability Defendant, much less the Relief Defendants, and what injury has been caused by that conduct. Similarly, the Amended Complaint asserts allegations against all the Relief Defendants without any distinction between them and, thus, it is impossible to determine the supposed misconduct and "ill-gotten gains."

Accordingly, the FTC's Amended Complaint should be dismissed on the grounds raised in this motion.

## MEMORANDUM OF LAW

### A. <u>Legal Standard for Motion to Dismiss</u>

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The complaint's allegations must be enough to raise a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S at 678. Moreover, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be

dismissed. *Id.* While Rule 8 "does not require detailed factual allegations, it does demand 'more than an unadorned, the –defendant-unlawfully-harmed me accusation.'" *Id.*

1. **Failure to Satisfy the Requirements of Rule 8(a) (2) and 9(b)**

"Allegations of fraud . . . must satisfy the heightened pleading requirement of Rule 9(b), of the Federal Rules of Civil Procedure." *Brightstar Corp. v. WSA Distributing, Inc.*, No. 09-20795, 2010 WL 1027420, *2 (S.D. Fla. March 18, 2010). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s fraud particularity requirement is not met unless a complaint sets forth "(1) precisely what documents or oral representations were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc,* 256 F.3d 1194, 1202 (11th Cir. 2001).

Here, the Amended Complaint asserts several fraud claims.[1] *See Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (finding that Rule 9(b)'s particularity requirements apply to claims "that sound in fraud" regardless of whether those claims are grounded in state or federal law). The FTC's complaint speaks broadly and lumps the Liability Defendants, which comprise two corporate entities and five individual groups, in undifferentiated groups without making any attempt to specify the actions or roles of the various Liability Defendants.

In light of this, the Court should apply the court's reasoning in *FTC v. Lights of Am.*, 760 F.Supp.2d 848 (C.D. Cal. 2010). There, the court granted a motion to dismiss the FTC's claim under the FTC Act based on its failure to allege specific conduct against a single corporate entity and two individual defendants. The court stated:

> [i]ndeed, the Complaint fails to allege the "who, what, when, where, and how" of the Defendants' course of conduct. The allegations do not differentiate between conduct committed by LOA, Usman Vakil, and Farooq Vakil, nor do they explain

[1] First, the FTC brings a claim under section 13(b) and 19 of the FTC Act (15 U.S.C. § 53(b) and 57b)). The FTC also brings claims under the Telemarketing Act (15 U.S.C. §§ 6101-6108), the FDCPA (15 U.S.C. § 1692(l)), and injunctive relief, recession or reformation of contracts, restitution, refund of monies, disgorgement of ill-gotten monies and other equitable relief under section 5(a) of the FTC Act (15 U.S.C. §45(a)). As such, the FTC's claims are sounded in fraud and, therefore, Rule 9(b)'s heightened pleading requirements must be satisfied.

> when or where the alleged misrepresentations were made. Thus, the Court finds that the Complaint fails to meet the particularity requirements of Rule 9(b).

*Id.* at 855. Here, as in *Lights of Am*, the FTC asserts claims against two corporate entities and five individuals. The allegations made in the Amended Complaint make it virtually impossible to ascertain the "who, what, when, where, and how" asserted against these defendants individually and, therefore, do not meet the particularity requirements of Rule 9(b).

In addition, the FTC seeks to freeze approximately three million ($3,000,000.00) worth of assets without pleading the "who, what, when, where, and how" against any of the Relief Defendants, including Allianza. At best, the Amended Complaint makes legal conclusions without any factual support. Like the Liability Defendants, the Relief Defendants are lumped together and no distinction is made among them. As such, the FTC wholly fails to allege the supposed amount that was improperly obtained, when the funds were transferred, how the funds were transferred, or whether the funds received by Allianza can be traced to the fraudulent activity. As a result, it is virtually impossible for the Relief Defendants to establish their legitimate claim to these funds. Accordingly, the FTC's Complaint fails to comply with the requirements of Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure.

2. **Lack of Subject Matter Jurisdiction**

i. **Standing**

Furthermore, the FTC's claim for unjust enrichment (Count VIII) must also be dismissed for lack of standing. The core component of standing is an essential and unchanging part of the case or controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitution minimum of standing contains three elements: (1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the casual conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Granite State Outdoor Advertising Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003).

Here, the FTC cannot establish standing to recover from the Relief Defendants. First, the FTC has not pled how it suffered an injury in fact from the Relief Defendants. Second, the FTC has not pled a causal connection between the FTC's alleged injury and the alleged offending conduct of the Relief Defendants. To that end, under Florida law, a claim for unjust enrichment

only lies where the plaintiff confers a direct benefit on the defendant; an indirect benefit is not enough. *See Century Senior Servs., v. Consumer Health Benefit Ass'n, Inc.*, 770 F.Supp.2d 1261, 1267(S.D. Fla. 2011)(finding that under Florida law, "[a] benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment"). As discussed more fully below, the FTC cannot allege that it conferred any benefit on the Relief Defendants and, thus, the FTC lacks standing to bring this claim against the Relief Defendants. Accordingly, the FTC lacks standing to bring an unjust enrichment claim (Count VIII) against the Relief Defendants and, therefore, this claim must be dismissed.

ii. *Ripeness*

This Court also lacks subject matter jurisdiction because the controversy is not ripe for adjudication. "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808 (2003). As such, as a threshold matter, this Court must determine whether the FTC's claims demonstrate sufficient ripeness to establish a concrete case or controversy. *See Tomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 579 (1985). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

The injury alleged against the Relief Defendants is contingent upon the FTC prevailing in its claims against the Liability Defendants. The only damages alleged against the Relief Defendants are based on their supposed acceptance of "funds obtained from consumers through Defendants' deceptive, abusive, and unlawful acts and practices described in the Complaint." (Am. Compl. ¶ 71.) Thus, the only injury alleged against the Relief Defendants is premised on the FTC's ability to obtain an order and final judgment finding the Individual Defendants liable for their deceptive, abusive, and unlawful practices. Accordingly, the FTC's unjust enrichment claim against the Relief Defendants is not ripe for judicial resolution. *See Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982)(suit for contribution should be dismissed as unripe where determination of liability on the underlying claim had yet to be made).

3. **<u>Failure to State a Claim for Unjust Enrichment</u>**

Not only should the FTC's Amended Complaint be dismissed for lack of subject matter jurisdiction, the FTC has also failed to state a claim against the Relief Defendants. While the Section 13(b) of the FTC Act contemplates disgorgement of ill-gotten gains, disgorgement is a

remedy and not an independent cause of action. *Abbott Lab. Unlimited Beverages, Inc.,* 218 F.3d 1238, 1242 (11th Cir. 2000) (finding that the disgorgement of profits is a remedy under the Lanham Act, 15 U.S.C. § 1117(a)). The FTC has improperly asserted an unjust enrichment claim against the Relief Defendants under the guise of disgorgement.

Even if the disgorgement claim could be brought as an unjust enrichment claim, which it cannot, the claim still fails as a matter of law. In Florida, to properly plead a claim for unjust enrichment the plaintiff must allege that: (1) the plaintiff has conferred a benefit on the defendant who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) acceptance and retention of the benefit under circumstances that make it inequitable for him or her to do so without paying the value of it. *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.,* 667 So.2d 876, 879 (Fla. 3d DCA 1996). To properly plead a claim for unjust enrichment a plaintiff must allege that it conferred a direct benefit on the defendant. *See Am. Safety Ins. Servs. Inc. v. Griggs,* 959 So.2d 322, 331-32 (Fla. 5th DCA 2007)(dismissing an unjust enrichment claim where the plaintiff could not allege that it conferred a benefit on the plaintiffs). An indirect benefit is not sufficient to support a claim for unjust enrichment. *See Huntsman Packaging Corp. v. Kerry Packaging Corp.*, 992 F.Supp. 1439, 1446 (M.D. Fla. 1998).

First, the FTC asserts an unjust enrichment claim against the Relief Defendant based on their alleged enrichment by receiving money obtained through false and deceptive trade practices. As such, the FTC fails to allege it conferred a direct benefit on the Relief Defendants. Similarly, in *Extraordinary Title Servs. v. Fla. Power & Light Co.*, 1 So.3d 400, 404 (Fla. 3d DCA 2009), the plaintiff alleged the defendant had been enriched by receiving money obtained through false and deceptive trade practices. *Id.* at 404. The appellate court affirmed the dismissal of the unjust enrichment claim because the plaintiff had failed to show any relationship with the defendant and that it had not conferred a direct benefit on the defendant. *Id.* at 404. In light of *Extraordinary Title Servs.,* the FTC's unjust enrichment claim must be dismissed as the parties have no relationship and the FTC has not conferred a direct benefit on the Relief Defendants. *See Peoples Nat'l Bank,* 667 So.2d at 879(dismissing an unjust enrichment claim where the plaintiff had not alleged that it had directly conferred a benefit on the defendants); *Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F.Supp.2d 1269, 1287-88 (S.D. Fla. 2013)("any claim for unjust enrichment where the benefit is conferred through an intermediary must fail").

Second, the FTC fails to plead no other adequate remedy at law exists. This Court has found the failure to plead the lack of an adequate remedy is a fatal error warranting dismissal. *See David v. Am. Suzuki Corp.*, 629 F.Supp.2d 1309, 1324-25(S.D. Fla. 2011) (dismissing unjust enrichment claim because the plaintiff failed to allege that an adequate remedy at law does not exist); *Kraft Co., Inc. v. J & H Marsh & McClennan of Fla., Inc.*, No. 04-2359-CIV-, 2006 WL 1876995, at *3 (M.D. Fla. 2006)(dismissing unjust enrichment claim because claim arose out of performance of an express contract, and express contract provided legal remedy); *cf. Wilson v. De Angelis*, 156 F.Supp.2d 1335, 1341 (S.D. Fla. 2001)(denying motion to dismiss unjust enrichment claim because plaintiff alleged "no adequate legal remedy exists to compensate Plaintiff.") Accordingly, the FTC's claim for unjust enrichment (Count VIII) must be dismissed.

## CONCLUSION

Based on the foregoing, Relief Defendant Allianza respectfully asks this Court to enter an order dismissing the unjust enrichment claim (Count VIII) raised in the Amended Complaint.

Respectfully submitted,

**WNF LAW, P.L.**
Waserstein Nunez & Foodman
*Co-Counsel for Allianza Inmobiliaria Corp.*
1111 Brickell Avenue
Suite 2200
Miami, Florida 33131
Telephone: (305) 760-8500
Facsimile: (305) 760-8510

By: s/Dennis Wouters
Daniel Foodman
df@wnflaw.com
Florida Bar No. 337160
Dennis Jay Wouters
djw@wnflaw.com
Florida Bar No. 28692

**JONES & ADAMS P.A.**
*Co-Counsel for Allianza Inmobiliaria Corp.*
999 Ponce De Leon Blvd.,
Suite 925
Coral Gables, FL 33134
Phone: (305) 270-8858
Facsimile: (305) 270-6778

By: /s/ W. Steven Adams
W. Steven Adams, Esq.
steven@jones-adams.com
Florida Bar No.: 930164
Matthew L. Jones, Esq.
matthew@jones-adams.com
Florida Bar No.: 909335
Jessica D. Haayen, Esq.
j.haayen@jones-adams.com
Florida Bar No.:92760

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15th, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ W. Steven Adams___________
W. Steven Adams, Esq.
Florida Bar No.: 930164

**SERVICE LIST**

Dotan Weinman
Janice L. Kopec
Federal Trade Commission
600 Pennsylvania Avenue, NW
H-286
Washington, DC 20580
202-326-3049
Email: dweinman@ftc.gov
Email: jkopec@ftc.gov
*Attorneys for the Federal Trade Commission*

Daniel Foodman
WNF Law, P.L.
1111 Brickell Avenue
Suite 2200
Miami, Florida
Email: df@wnflaw.com
*Attorney for Jorge Sumbre, Susana Sumbre, Jager International, Inc., and Allianza Inmobiliaria Corp.*

Lorenz Michel Pruss
Dimond Kaplan & Rothstein, P.A.
Office of Grand Bay Plaza
2665 South Bayshore Drive
Penthouse 2B
Miami, FL 33133
Email: lprus @dkrpa.com
*Attorney for Court Appointed Receiver Scott M. Dimond*

Allan Aaron Joseph
Joseph Andrew DiRuzzo, III
Fuerst Ittleman PL
1001 Brickell Bay Drive
32 Floor
Miami, FL 33131
Email: ajoseph@fuerstlaw.com
Email: jdiruzzo@fuerstlaw.com
*Attorneys for Carolina Orellano, Damian Biondi and Bionore Inc.*